# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JAMES MAHER,** individually and on behalf of other persons similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No.<br>)<br>)  JURY DEMAND |
| vs. | )<br>) |
| **MICROSOFT CORPORATION,** | )<br>) |
| Defendant. | )<br>) |

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff James Maher ("Maher"), individually and on behalf of other persons similarly situated, pursuant to 815 ILCS § 505/1 *et seq.*, commonly known as the Illinois Consumer Fraud and Deceptive Business Practices Act, and complains against Defendant Microsoft Corporation ( "Microsoft" or "Defendant"), and in support states:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's willful violation of consumer protection laws against Plaintiff and other similarly situated persons that paid Defendant for yearly Xbox Gold Membership service, had their service suspended for a period of time, and whose accounts were not prorated or credited for the time service was suspended. Plaintiff and other similarly situated persons were not informed of the circumstances which led to their Xbox Gold service being suspended, and therefore do not possess the requisite information in order to contest or prevent similar suspensions from occurring again. Plaintiff brings this action against Defendant to recover the Xbox Gold Membership fees paid but for which Defendant failed to provide service after suspending Plaintiff's account, interest, statutory penalties, liquidated damages,

attorney's fees and costs owed to him and other similarly situated persons. Plaintiff also brings this action to obtain declaratory and injunctive relief as well as all other relief that the Court deems appropriate.

2. As alleged more fully herein, Microsoft's practice of selling yearly Xbox Gold Memberships, suspending service features without offering account holders any notice, explanation, or opportunity to contest said suspensions, and failing to credit *pro rata* or extend Plaintiff's account for the time period during which Xbox Gold service is unavailable gives rise to Plaintiff and the Class' claims alleged herein.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(2)(6), exceeds the sum of $5,000,000 exclusive of interest and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from Defendant.

4. Personal jurisdiction over Defendant is proper under 735 ILCS 5/2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(b)(4), and (c).

5. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division,

through 28 U.S.C. § 1391(b), because a substantial part of the facts, events, or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES
### Plaintiff

7. Plaintiff resides and is domiciled in Cook County, Illinois, which is in this judicial district.

8. Plaintiff is the original purchaser of Defendant's Xbox Live 12-month Gold Membership Service.

9. Plaintiff brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class specified below.

### Defendant

10. Defendant Microsoft is a corporation organized under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, WA 98052-6399.

11. Microsoft is the manufacturer of the Xbox 360 gaming console and is also the creator and sole operator of the Xbox Live service.

12. Xbox Live is an online multiplayer gaming and digital media delivery service which works with the Xbox 360 gaming console.

13. Xbox Live service membership is available as "*Xbox Live*" and "*Xbox Live Gold*."

14. Signing up to Xbox Live is free, but in order to play with others online and access other service features, a paid membership subscription of Xbox Live Gold is required.

15. Xbox Live Gold membership services include online gaming, game recording, matchmaking/smartmatch (connecting players together for online play sessions), private chat and in-game voice communication, media sharing, and access to applications which broadcast

gameplay live. Xbox Live Gold memberships also include space "in the cloud" for storing files and exclusive access to special offers.

16. Purchasers of the Xbox Live Gold membership service presumptively include citizens of every state in the United States.

**FACTS**

17. Between January 30, 2013 and February 8, 2015, Plaintiff separately purchased three Xbox Live 12-Month Gold Memberships equaling 36 months of paid Gold Membership service.

18. During the 36 months for which Plaintiff had paid for Xbox Live Gold Membership, Microsoft suspended Plaintiff's membership service numerous times.

19. Suspension dates include; March 20, 2013, August 16, 2015, December 26, 2015, June 3, 2016, July 9, 2016, August 4, 2016, August 5, 2016, November 10, 2016, November 11, 2016 and December 18, 2016.

20. Microsoft issued each suspension without notice or a chance to appeal, and accompanied the suspensions with a vague statement which set forth the alleged circumstances which induced Microsoft to suspend Plaintiff's membership service.

21. While membership service was suspended, Microsoft restricted Plaintiff's Xbox Live Gold Membership account functionality, including, but not limited to, disabling Xbox Live sign-in, ceasing online multiplayer play, restricting live communication features, restricting in-game and party chat, messaging, video communications, gameplay broadcasting, sharing content, and Skype.

22. While Plaintiff's account was suspended, Plaintiff made numerous attempts to contact Microsoft in search of a specific reason as to why his account was suspended. However,

4

Microsoft refused to provide the time, the date, or any other details of the incident(s) which formed the basis for Plaintiff's account's suspension.

23. At all times relevant, Microsoft never informed Plaintiff of the exact basis for his suspension and Plaintiff was therefore unable to know how to prevent suspensions in the future.

24. At all times relevant, Microsoft never allowed Plaintiff an opportunity to dispute, explain, or appeal the suspension.

25. At all times relevant, Microsoft never credited Plaintiff's 12-month Gold Membership account *pro rata* for the inability to use the Gold Membership features during the suspensions.

26. At all times relevant, Microsoft never extended Plaintiff's 12-month Gold Membership account for the duration of the suspensions.

27. At all times relevant, Microsoft never offered Plaintiff a refund in an amount *pro rata* based on the inability to use the Gold Membership features during the suspensions.

28. Microsoft has a policy and practice of suspending the accounts of its customers who have purchased Xbox Live Gold Memberships without notice or the opportunity to appeal.

29. After suspending customers' Gold Membership accounts, Microsoft fails to credit, refund, or extend the Gold Membership accounts of said customers.

30. During the relevant period, Microsoft suspended the Gold Membership accounts of Plaintiff and other similarly situated individuals and failed to credit or extend the Gold Membership account or offer any refund to said individuals in connection with the suspensions.

31. Microsoft's failure to issue any credit, extension or refund with respect to Plaintiff and other similarly situated individuals' Gold Membership accounts after suspension has caused Plaintiff and other similarly situated individuals to suffer harm.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings Counts I through III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other current and former customers of Microsoft who suffered from the illegal practices alleged herein.

33. With respect to Plaintiff's ICFA claim (Count I), Plaintiff seeks to represent a class that is comprised of and defined as:

> All Microsoft customers in Illinois who purchased an Xbox Live Gold Membership at any time between January 30, 2014 and the present who (1) had their membership account suspended, and (2) did not receive any credit, refund or extension of their Membership account (the "ICFA Class").

34. With respect to Plaintiff's unjust enrichment and conversion claims (Counts II and III, respectively), Plaintiff seeks to represent a class that is comprised of and defined as:

> All Microsoft customers in Illinois who purchased an Xbox Live Gold Membership at any time between January 30, 2012 and the present who (1) had their membership account suspended, and (2) did not receive any credit, refund or extension of their Membership account (the "Class").

35. This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the Classes are so numerous that joinder of all class members is impracticable.

36. Plaintiff and the members of the Classes have been equally affected by Microsoft's practice of suspending their Xbox Live Gold Membership accounts and failing to credit, refund, or extend the Membership accounts after the suspension.

37. Plaintiff and the members of the Classes have been equally affected by Defendant's wrongful practice as alleged herein.

38. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

39. Plaintiff and the members of the Classes, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

40. Plaintiff is able to fairly and adequately represent and protect the interests of the members of the Classes. Plaintiff's Counsel are competent and experienced in litigating large complex class actions.

41. If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Classes, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

42. Plaintiff has retained counsel experienced in complex litigation and in class action litigation.

43. Plaintiff and his counsel will fairly and adequately protect the interest of the Classes.

### COUNT I
**(Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* Unfair Business Practice)**

44. Plaintiff re-incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

45. Plaintiff asserts this cause of action on behalf of himself and all other members of the ICFA Class.

46. At all times relevant hereto, there was in full force and effect a statute in Illinois commonly known as the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (the "Act").

47. Section 2 of the Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act. [15 U.S. C. § 45]. 815 ILCS 505/2.

48. Plaintiff and other members of the ICFA Class are "consumers" within the meaning of the Act.

49. Microsoft engaged in "trade and/or commerce" within the meaning of the Act.

50. The Act further provides a private right of action to any person "who suffers damage as a result of a violation of this Act committed by any other person." 815 ILCS 505/10a.

51. Microsoft has a statutory duty to refrain from unfair acts or practices in the design, operation, promotion, and sale of the Xbox Live Gold Membership service.

52. Microsoft's Xbox Live Gold Membership service suspension enforcement does not provide members access to dispute suspensions or be informed of what particular facts were used as a basis for their suspension, making it essentially impossible for consumers to avoid suspensions on a similar basis in the future.

53. Microsoft's Xbox Live Gold Membership service suspension enforcement does not provide credit to be added to consumers' accounts on a *pro rata* basis for time Xbox Live Gold Membership services are unavailable due to suspension.

54. Microsoft's Xbox Live Gold Membership service suspension enforcement does not provide Xbox Live Gold Members extensions on their membership for the duration of time Xbox Live Gold Membership services are unavailable due to suspension.

55. Microsoft's Xbox Live Gold Membership service suspension enforcement does not provide Xbox Live Gold Members refunds on their membership purchase for the duration of time Xbox Live Gold Membership services are unavailable due to suspension.

56. Microsoft committed the above unfair practices as defined by 815 ILCS 505/2, during the course and conduct involving trade and commerce, with the intent to induce Plaintiff and the ICFA Class to purchase Xbox Live 12-month Gold Memberships with the belief and reliance that they would have access to Xbox Live Gold Membership services for a full 12 months.

57. These practices offend public policy, are unethical, oppressive, and unscrupulous, and cause substantial injury to consumers.

58. As a direct and proximate result of Microsoft's unfair practices in violation of the Act, Plaintiff and the ICFA Class have been injured.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

   a. Declare and find that the Defendant violated provisions of the Act for Plaintiff and the other members of the putative ICFA Class;

   b. Enjoin Defendant from committing further violations of the Act;

   c. Certify the ICFA Class defined in paragraph 33 pursuant to Fed. R. Civ. P. 23;

   d. Award Plaintiff and all other similarly situated persons the *pro rata* amount of

their Xbox Live Gold Membership account fee for the duration of time the Xbox Live Gold Membership services were unavailable due to suspension;

e. Award Plaintiff and all other similarly situated persons punitive damages;

f. Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

g. Grant such further relief as this Court deems equitable and just.

## COUNT II
### (Unjust Enrichment)

59. Plaintiff re-incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

60. By virtue of charging and collecting fees for the Xbox Live 12-month Gold Membership services, then suspending said service's features for set periods of time, and ultimately failing to refund or credit membership accounts *pro rata* for the period of suspension or extend Gold Membership services for the duration of the suspension period, Microsoft unjustly retained a benefit to the detriment of Plaintiff and the Class.

61. Microsoft's retention of 12-month Gold Membership fees without providing for a full 12 months of Gold Membership services violates the fundamental principles of justice, equity, and good conscience.

62. As a direct and proximate result of the foregoing, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

    a. Enter judgment in favor of Plaintiff and all others similarly situated and against Defendant regarding this Count II;

    b. Enjoin Defendant from committing further wrongful actions as alleged herein;

    c. Certify the Class defined in paragraph 34 pursuant to Fed. R. Civ. P. 23;

    d. Award Plaintiff and all other similarly situated persons the *pro rata* amount of their Xbox Live Gold Membership account fee for the duration of time the Xbox Live Gold Membership services were unavailable due to suspension;

    e. Award Plaintiff and all other similarly situated persons punitive damages;

    f. Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

    g. Grant such further relief as this Court deems equitable and just.

## COUNT III
### (Conversion)

63. Plaintiff re-incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

64. By virtue of having charged Plaintiff and the Class for Xbox Live 12-month Gold Membership services and not providing a full 12 months of said services, Microsoft deprived Plaintiff and the Class their right to a refund in proportion to the unused fragment of their 12-month Gold Membership services, *i.e.* funds to which they had an immediate right of possession.

65. Microsoft exercised wrongful control of the fees for unused fragments of Plaintiff's and the Class's 12-month Gold Membership, despite Plaintiff's and the Class's demand for their return.

66. As a direct and proximate result of the foregoing, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

a. Enter judgment in favor of Plaintiff and all others similarly situated and against Defendant regarding this Count III;

b. Enjoin Defendant from committing further wrongful actions as alleged herein;

c. Certify the Class defined in paragraph 34 pursuant to Fed. R. Civ. P. 23;

d. Award Plaintiff and all other similarly situated persons the *pro rata* amount of their Xbox Live Gold Membership account fee for the duration of time the Xbox Live Gold Membership services were unavailable due to suspension;

e. Award Plaintiff and all other similarly situated persons punitive damages;

f. Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

g. Grant such further relief as this Court deems equitable and just.

Dated:  January 30, 2017

Respectfully submitted,

/s/ ____Kasif Khowaja_____
*One of the Attorneys for Plaintiff*

Kasif Khowaja
**The Khowaja Law Firm, LLC**
70 East Lake Street
Suite 1220
Chicago, IL 60601
312-356-3200-T
312-386-5600-F
kasif@khowajalaw.com

James X. Bormes
Catherine P. Sons
**Law Office of James X. Bormes, P.C.**
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603
312-201-0575-T
312-332-0600-F
jxbormes@bormeslaw.coom
cpsons@bormeslaw.com